IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEAN AZO, et al.,                                   *
    Petitioners

v.                                                  *       CIVIL ACTION NO. AMD-06-2029

DEPARTMENT OF HOMELAND SECURITY  *
    Respondent
                                                    ***

MEMORANDUM

This 28 U.S.C. § 2241 petition for habeas corpus relief was filed, by counsel, on August 3, 2006. The petition seeks a review of: (1) the final order denying adjustment of status issued by an Immigration Judge ("IJ"); and (2) the order of the Board of Immigration Appeals ("BIA") affirming the IJ's final order. Paper No. 1. Petitioners are subject to final orders of removal, and Mrs. Azo and Miss Azo are in Department of Homeland Security custody.[*] *Id.* For the reasons stated below, the petition shall be dismissed without prejudice.

The court plainly lacks subject matter jurisdiction to review petitioner's claims. As counsel is well aware, on May 11, 2005, President Bush signed the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005). Included within this far-reaching legislation is the Real ID Act of 2005 or "RIDA." Section 106(a)(1)(B) of RIDA substantially modifies the route aliens must take to seek judicial review of an order of removal.

Section 106(a)(1)(B)(5) states that:

---

[*] Counsel for petitioners has not indicated where these individuals are detained, nor the status of their proceedings, instead focusing the entire petition on Mr. Azo's procedural history. The petition so lacks background information that it lacks the first names of Mrs. and Miss Azo.

> [N]otwithstanding . . . section 2241 of title 28, United States Code, or any other habeas corpus provision, . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issues under any provision of this Act . . . For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and "jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 . . . .

RIDA makes the circuit courts the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal. *See Elia v. Gonzales*, 431 F.3d 268, 273, n. 5 (6th Cir. 2005); *Tilley v. Chertoff*, 144 Fed. Appx. 536, 538 (6th Cir. 2006). RIDA undoubtedly divests this court of subject matter jurisdiction to review a challenge to the IJ and BIA decisions to remove petitioner.

Accordingly, the matter shall be dismissed without prejudice. To the extent that petitioners wish to raise a direct challenge to their orders of removal, they may file the appropriate petition in the United States Court of Appeals for the Fourth Circuit. A separate Order follows.

Filed: August 10, 2006         /s _____
                               Andre M. Davis
                               United States District Judge

2